IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Peter Michael Berkos, Jr., ) | C/A No. 0:21-952-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Kilolo Kijakazi, Acting Commissioner of the ) | **SOCIAL SECURITY BENEFITS** |
| Social Security Administration,[1] ) | |
| ) | ☐ Affirmed |
| Defendant. ) | ☒ Reversed and Remanded |
| ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒     Supplemental Security Income ("SSI"): Plaintiff's age at filing:  <u>50</u>

☒     Disability Insurance Benefits ("DIB"): Date last insured:  <u>December 31, 2022</u>

☐     Other:

Application date:  <u>July 16, 2019</u>

Plaintiff's Year of Birth:  <u>1969</u>

Plaintiff's amended alleged onset date:  <u>April 4, 2019</u>

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the named defendant because she recently became the Acting Commissioner of Social Security.

0:21-cv-00952-PJG     Date Filed 03/22/22     Entry Number 23     Page 2 of 9

PJG Consent SSA (Rev 09/10/21)                                                                                    Peter Michael Berkos, Jr
_____

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  December 7, 2020

In applying the requisite five-step sequential process, the ALJ found:

Step 1:    Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:    ☒ Plaintiff has the following severe impairments:

[P]eripheral neuropathy secondary to diabetes mellitus and lumbar degenerative disc disease (20 CFR 404.1520(c)).

☐ Plaintiff does not have a severe impairment.

Step 3:    ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:    Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; frequently operate foot controls; occasionally stoop; and never kneel, crouch, or crawl.

☐ Plaintiff could return to his/her past relevant work.

Step 5:    ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

[S]mall product assembler, DOT #739.687-030, with approximately 315,000 jobs in the national economy; machine tender, DOT #556.685-038, with approximately 200,000 jobs in the national economy; and tester/inspector, DOT #723.687-014, with approximately 117,000 jobs in the national economy.

Date of Appeals Council decision:  February 2, 2021

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown

v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

I.    The Administrative Law Judge's Decision is inconsistent with the medical opinions of record.
II.   The Administrative Law Judge erred in her application of the pain and credibility standards to Plaintiff.
III.  The Administrative Law Judge Decision is inconsistent with substantial evidence of record.

(Pl.'s Br., ECF No. 18.)

**Oral Argument:**

☐ **Held on** _____.

☒ **Not necessary for disposition.**

**Summary of Reasons**

Plaintiff raises several issues for this judicial review; however, the court finds that remand is warranted on Plaintiff's third issue, which impacts his other two issues. Therefore, the court addresses this issue first. In connection with the third issue and as part of Plaintiff's other issues on appeal, Plaintiff challenges the ALJ's evaluation and consideration of his right knee impairment. Plaintiff essentially argues that the ALJ failed to address or consider records supporting this impairment and therefore, erred in finding that his right knee impairment did not constitute a severe impairment, erred in discounting aspects of the opinion evidence and his subjective complaints, and ultimately erred in failing to further limit Plaintiff's residual functional capacity. The Commissioner disagrees and argues that the ALJ properly considered Plaintiff's

allegations concerning his right knee impairment.  Upon careful examination of the arguments presented, the ALJ's decision, and the record in this matter, the court is constrained to find that remand is warranted for further consideration of Plaintiff's right knee impairment and its possible impact on the opinion evidence, his subjective complaints, and his residual functional capacity assessment.

Step Two of the sequential evaluation requires the ALJ to "consider the medical severity of [a claimant's] impairment(s)." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  The claimant bears the burden at this step to show that he has a severe impairment.  See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" means "the abilities and aptitudes necessary to do most jobs."  Examples of these include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
(2) Capacities for seeing, hearing, and speaking;
(3) Understanding, carrying out, and remembering simple instructions;
(4) Use of judgment;
(5) Responding appropriately to supervision, co-workers and usual work situations; and
(6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1522(b), 416.922(b).  "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal quotation marks omitted).

At Step Two, the ALJ found that Plaintiff's "torn right AC ligament and medial meniscus status-post arthroscopic repair" was a non-severe impairment as it caused "no more than minimal work-related functional limitations." (Tr. 17-18.) The ALJ found that:

> The claimant has a history of three right knee surgeries in 2017 and 2018. Prior to the claimant's third surgery, his physical therapist recommended that the claimant avoid climbing stairs, crawling, walking, and walking on uneven surfaces. This statement is found generally unpersuasive as it was not given by an acceptable medical source and was issued prior to the claimant's 2018 revision surgery (Exhibit 2F). In the last two years, the claimant has had no physical therapy, no injections, has not been prescribed narcotic pain medication, and has required no other interventional treatment. December 2019 imaging of the claimant's right knee showed mild to moderate right knee osteoarthritis (Exhibit 7F).

(Tr. 18.) The ALJ offered similar rationale later in the decision in discounting opinion evidence and Plaintiff's subjective complaints. The ALJ also found that Plaintiff's "statement that he uses crutches, a wheelchair, a cane, and a brace, and that the brace and crutches were prescribed" was unsupported by medical evidence. (Tr. 21.) The ALJ cited to several records indicating normal musculoskeletal examinations, normal gait and station, and normal motor strength. (Tr. 21-22.) However, notably absent from the ALJ's decision are several pertinent records. For example, the ALJ did not acknowledge findings from Plaintiff's physical therapy discharge summary from August 2018, which was *after* Plaintiff's third revision surgery. This summary indicated that Plaintiff continued to present with right knee pain and stiffness and had difficulty walking with the right leg; that his impairments involved issues with strength, gait, pain, balance, and weight bearing; that Plaintiff continued to have a mild antalgic gait; and that Plaintiff's functional limitations included limitations in sustained standing and in walking. (Tr. 420-21.) The record also contains a second opinion dated October 2, 2018, from Dr. Richard Friedman regarding Plaintiff's right knee, which is not mentioned. (Tr. 767-70.) Dr. Friedman found that Plaintiff "persists in having pain despite 3 knee operations" and had a "grade 2 right MCL sprain that has

not been addressed to date." (Tr. 769.) Dr. Friedman observed "weak quads" on Plaintiff right side and prescribed a "hinged knee brace from the groin to the ankle full-time for 8 weeks allowing full range of motion" and recommended physical therapy. (Id.) Dr. Freidman opined Plaintiff was not at maximum medical improvement but should be in two to three months. (Tr. 769-70.) However, two months later, in December 2018, a functional capacity evaluation ("FCE") was performed at the request of Dr. David Jaskwhich, Plaintiff's primary care physician. As pointed out by Plaintiff, the ALJ did not mention or discuss this report, and pertinent here, the evaluating therapist found that Plaintiff demonstrated occasional (up to 1/3 of the day) functional tolerance in static standing, dynamic standing, walking, and sitting. (Tr. 451.) In each category, the evaluator noted Plaintiff had to sit or was impacted by his right knee pain. (Id.)

      Further, the ALJ found Dr. Adebola Rojugboken's October 2019 consultative examination unpersuasive because of vagueness, as it assigned no work-related physical limitations; however, the ALJ failed to consider the consistency between Dr. Rojugboken's findings and Plaintiff's allegations of a severe right knee impairment, as Dr. Rojugboken's findings on examination suggested greater limitations with regard to Plaintiff's knee. (Tr. 674-77.) For example, Dr. Rojugboken found Plaintiff walked with an abnormal gait, tended to limp, staggered, and was unsteady. He also noted that Plaintiff's gait staggering was mostly because of the knee and that Plaintiff had reduced strength on the right lower extremity because of the pain in the knee. (Tr. 677.) Notably, the ALJ found a December 2018 opinion from Dr. Jaskwhich persuasive. In this opinion, Dr. Jaskwhich opined that Plaintiff had reached maximum medical improvement, that he

will need a knee brace to help support the right knee, and that Plaintiff has persistent weakness, pain, and a continued limp requiring a knee brace.[2]  (Tr. 493.)

The omission of an impairment at Step Two can be harmless if the ALJ finds that benefits should not be denied at Step Two and considers the condition at issue in the subsequent steps.  See Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."); Washington v. Astrue, 698 F. Supp. 2d 562, 580 (D.S.C. 2010) (adopting Report and Recommendation that included a collection of cases and finding "no reversible error where the ALJ does not find an impairment severe at step two provided that he or she considers that impairment in subsequent steps").  However, in this case, the court cannot find any error to be harmless—the ALJ's failure to address the substantial evidence that arguably contradicts her findings as to Plaintiff's right knee impairment and its resulting limitations renders meaningful review frustrated, as it is unclear whether the ALJ adequately considered this evidence in evaluating Plaintiff's claim.  These records arguably contradict the ALJ's finding that Plaintiff's right knee impairment was a non-severe impairment, support Plaintiff's contention that additional limitations may be warranted in the residual functional capacity assessment, and suggest that the ALJ's evaluation of Plaintiff's subjective reports as well as the opinion evidence is unsupported by substantial evidence.  Accordingly, the court cannot find this omission to be harmless.  See, e.g., Mascio v. Colvin, 780 F.3d 632, 636-37 (4th Cir. 2015) (holding remand may be appropriate when courts are let to guess

---

[2] Although Dr. Jaskwhich limited Plaintiff "per [the] FCE at light type work only, with no kneeling, no ladders, no squatting, and to limit lifting to 10-20 [pounds]," Dr. Jaskwhich does not specifically opine how much standing or walking Plaintiff could perform in an eight-hour workday (Tr. 493); however, he did reference the FCE, which as stated above found that Plaintiff demonstrated only occasional standing, walking, and sitting abilities (Tr. 451).

at how the ALJ arrived at the conclusion and meaningful review is frustrated); see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion") (citation omitted).

Therefore, the court is constrained to remand this matter for further consideration of Plaintiff's right knee impairment. See Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.") (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)); Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

In light of the court's decision to remand for further consideration, the court need not address Plaintiff's remaining arguments, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Plaintiff may present his remaining arguments on remand.

**ORDER**

**It is hereby ORDERED that the Commissioner's decision is:**

☐     **Affirmed.  Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒     **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐     **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
March 22, 2022                                   Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE